1

2

3

4

5

6

7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

8

9

10

| | |
|---|---|
| JUAN RODRIGUZ, | **Case No.  1:16-cv-00504-JLT (PC)** |
| Plaintiff, | **ORDER REQUIRING PLAINTIFF TO EITHER FILE SECOND AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON CLAIMS FOUND TO BE COGNIZABLE** |
| v. | |
| Dr. T. KOOR, | **(Doc. 6)** |
| Defendant. | **30-DAY DEADLINE** |

11

12

13

14

15

16

Plaintiff alleges that Defendant Dr. K. Toor[1] violated his rights under the Eighth

Amendment and California law by not referring him for surgery as recommended by outside

medical specialists.  Plaintiff states a cognizable claim under the Eighth Amendment, but fails to

show compliance with the California Tort Claims Act to proceed on his claims under California

law.  Thus, Plaintiff is being given the option to either file a second amended complaint, showing

compliance with the CTCA, or to notify that he is willing only to proceed against Dr. Koor solely

on his claim under the Eighth Amendment.

*///*

17

18

19

20

21

22

23

24

25

[1]In the caption of his original complaint, Plaintiff indicated that Defendant's name was "T. Koor." (Doc. 1, p. 1.) Based thereon, this case was automatically named "*Juan Rodriguez v. T. Koor*."    However, in the allegations of the original Complaint as well as in the caption and allegations of the First Amended Complaint, Plaintiff indicates that Defendant's name is "K. Toor." (*See* Docs. 1, 6.)  Thus, Plaintiff must file a statement indicating the correct spelling of Defendant's name.  For purposes of this screening order, the name "K. Toor" is utilized as that is the only spelling Plaintiff utilizes in the First Amended Complaint.

26

27

28

1

**A.      Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous, malicious, fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).  If an action is dismissed on one of these three basis, a strike is imposed per 28 U.S.C. § 1915(g).  An inmate who has had three or more prior actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, and has not alleged imminent danger of serious physical injury does not qualify to proceed *in forma pauperis*.  *See* 28 U.S.C. § 1915(g); *Richey v. Dahne*, 807 F.3d 1201, 1208 (9th Cir. 2015).

**B.      Summary of Plaintiff's Allegations**[2]

Plaintiff complains that Dr. Toor was deliberately indifferent to his serious medical need for surgical hip repair at Valley State Prison, in Chowchilla, California.  Plaintiff seeks the required surgery and monetary damages.

Plaintiff alleges that Dr. Toor has been his primary care provider since Plaintiff arrived at VSP in 2012.  Dr. Toor had access to Plaintiff's medical history via his Unit Health Record, which he referred to when treating Plaintiff.  Plaintiff's UHR shows that he had a hip replacement in March 2011 and had four corrective surgeries from 1996 through 2003.  Between April 2011 and February 2014, various CDC physicians consulted with outside specialists and obtained both x-rays and CT scans of Plaintiff's hip and the prosthesis in it -- all of which revealed instability and a need for surgical repair.  From April 2012 to March 2014, various specialists recommended corrective surgery.  Despite this, on at least five different occasions, Dr. Toor sought further consultations and outside opinions to confirm whether Plaintiff needed surgery.  From January 2013 to April 2014, Dr. Toor increased Plaintiff's pain medication from Tylenol-#3 (Codeine) to Morphine and then to stronger and stronger doses of Morphine to address Plaintiff's increasing

---

[2] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

1    hip pain.  Plaintiff alleges that, though it took a while for his surgery to be financially approved,

2    after it was approved, Dr. Toor failed to refer him for it; rather from February 2014 to June of that

3    same year, Dr. Toor repeatedly counseled Plaintiff to "think about it" before he would schedule it.

4    Plaintiff submitted an inmate appeal requesting the surgery in September 2014 which was

5    ultimately denied stating "it is [Dr. Toor's] responsibility to determine the necessity for additional

6    follow up consultations . . . recommendations suggested by the specialist."  Plaintiff's hip

7    prosthesis is failing and Plaintiff's pain and instability is increasing while his mobility is

8    decreasing.

9           As discussed in further detail below, Plaintiff states a cognizable claim under the Eighth

10   Amendment, but fails to show compliance with the CTCA to proceed on his claims under

11   California law.   Thus, he is given the applicable standards based on his stated claims and leave to

12   file a second amended complaint or to notify the Court that he desires to proceed on the claims

13   found cognizable in this order.

14   **C.    Pleading Requirements**

15          **1.  Federal Rule of Civil Procedure 8(a)**

16          "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

17   exceptions," none of which applies to section 1983 actions.  *Swierkiewicz v. Sorema N. A.*, 534

18   U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a).  A complaint must contain "a short and plain

19   statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. Pro. 8(a).

20   "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and

21   the grounds upon which it rests."  *Swierkiewicz*, 534 U.S. at 512.

22          Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a

23   cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556

24   U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

25   Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is

26   plausible on its face.'"  *Iqbal*, 556 U.S. at 678, quoting *Twombly*, 550 U.S. at 555.  Factual

27   allegations are accepted as true, but legal conclusions are not.  *Iqbal.* at 678; *see also Moss v. U.S.*

28   *Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009); *Twombly*, 550 U.S. at 556-557.

1       While "plaintiffs [now] face a higher burden of pleadings facts . . . ," *Al-Kidd v. Ashcroft*,

2   580 F.3d 949, 977 (9th Cir. 2009), the pleadings of pro se prisoners are still construed liberally

3   and are afforded the benefit of any doubt.  *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

4   However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," *Neitze*

5   *v. Williams*, 490 U.S. 319, 330 n.9 (1989), "a liberal interpretation of a civil rights complaint may

6   not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit*

7   *Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) quoting *Ivey v. Bd. of Regents*, 673 F.2d 266,

8   268 (9th Cir. 1982), and courts are not required to indulge unwarranted inferences, *Doe I v. Wal-*

9   *Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation

10  omitted).  The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and

11  "facts that are 'merely consistent with' a defendant's liability" fall short of satisfying the

12  plausibility standard.  *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949; *Moss*, 572 F.3d at 969.

13      If he chooses to file a second amended complaint, Plaintiff should make it as concise as

14  possible.

15      **2.  Linkage Requirement**

16      Section 1983 of Title 42 of the United States Code requires there be an actual connection

17  or link between the actions of the defendants and the deprivation alleged to have been suffered by

18  Plaintiff.  *See Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423

19  U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation

20  of a constitutional right, within the meaning of section 1983, if he does an affirmative act,

21  participates in another's affirmative acts or omits to perform an act which he is legally required to

22  do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743

23  (9th Cir. 1978).  In order to state a claim for relief under section 1983, Plaintiff must link each

24  named defendant with some affirmative act or omission that demonstrates a violation of

25  Plaintiff's federal rights.

26  ///

27  ///

28  ///

1    **D.    Claims for Relief**

2         **1. Eighth Amendment**

3              **a.  Serious Medical Needs**

4         Prison officials violate the Eighth Amendment if they are "deliberate[ly] indifferen[t] to [a

5    prisoner's] serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).  "A medical need

6    is serious if failure to treat it will result in ' "significant injury or the unnecessary and wanton

7    infliction of pain." ' " *Peralta v. Dillard*, 744 F.3d 1076, 1081-82 (2014) (quoting *Jett v. Penner*,

8    439 F.3d 1091, 1096 (9th Cir.2006) (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th

9    Cir.1992), overruled on other grounds by *WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th

10   Cir.1997) (en banc))

11        To maintain an Eighth Amendment claim based on medical care in prison, a plaintiff must

12   first "show a serious medical need by demonstrating that failure to treat a prisoner's condition

13   could result in further significant injury or the unnecessary and wanton infliction of pain.  Second,

14   the plaintiff must show the defendants' response to the need was deliberately indifferent."

15   *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) (quoting *Jett v. Penner*, 439 F.3d 1091,

16   1096 (9th Cir. 2006) (quotation marks omitted)).

17        "Indications that a plaintiff has a serious medical need include the existence of an injury

18   that a reasonable doctor or patient would find important and worthy of comment or treatment; the

19   presence of a medical condition that significantly affects an individual's daily activities; or the

20   existence of chronic or substantial pain." *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir.

21   2014) (citation and internal quotation marks omitted); *accord Wilhelm v. Rotman*, 680 F.3d 1113,

22   1122 (9th Cir. 2012); *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000).  For screening

23   purposes, Plaintiff's failing hip prosthesis is accepted as serious medical needs.

24        Deliberate indifference is "a state of mind more blameworthy than negligence" and

25   "requires 'more than ordinary lack of due care for the prisoner's interests or safety.' " *Farmer v.

26   Brennan*, 511 U.S. 825, 835 (1994) (quoting *Whitley*, 475 U.S. at 319).  "Deliberate indifference

27   is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir.2004).  "Under this

28   standard, the prison official must not only 'be aware of the facts from which the inference could

1    be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the

2    inference.' " *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837).  "'If a prison official should have

3    been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no

4    matter how severe the risk.'" *Id.* (quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175,

5    1188 (9th Cir. 2002)).

6         In medical cases, this requires showing:  (a) a purposeful act or failure to respond to a

7    prisoner's pain or possible medical need and (b) harm caused by the indifference.  *Wilhelm*, 680

8    F.3d at 1122 (quoting *Jett*, 439 F.3d at 1096).  More generally, deliberate indifference "may

9    appear when prison officials deny, delay or intentionally interfere with medical treatment, or it

10   may be shown by the way in which prison physicians provide medical care."  *Id.* (internal

11   quotation marks omitted).  Under *Jett*, "[a] prisoner need not show his harm was substantial."  *Id.*;

12   *see also McGuckin*, 974 F.2d at 1060 ("[A] finding that the defendant's activities resulted in

13   'substantial' harm to the prisoner is not necessary.").

14        Plaintiff's allegations that Dr. Toor failed to refer him for surgery despite knowing his hip

15   prosthesis was failing and that specialists recommended surgical repair, in the face of Plaintiff's

16   increasing pain and immobility, state a cognizable claim for deliberate indifference to his serious

17   medical needs.  *See Snow v. McDaniel*, 681 F.3d 978, 986 (9th Cir. 2012) (concluding that

18   reliance on "non-specialized" medical conclusions may constitute deliberate indifference to a

19   plaintiff's medical needs), overruled on other grounds by *Peralta v. Dillard*, 744 F.3d 1076 (9th

20   Cir. 2014) (en banc); *Hamilton v. Brown*, 630 F.3d 889, 897 (9th Cir. 2011) (concluding that

21   "[d]eliberate indifference may include . . . intentionally denying or delaying access to medical

22   care" (internal citation omitted)); *Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404,

23   407 (9th Cir.1985) (*per curiam*) citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

24        **2.  Claims Under California Law**

25             **a.  California Tort Claims Act**

26        Under the California Tort Claims Act ("CTCA"), set forth in California Government Code

27   sections 810 et seq., a plaintiff may not bring a suit for monetary damages against a public

28   employee or entity unless the plaintiff first presented the claim to the California Victim

6

1    Compensation and Government Claims Board ("VCGCB" or "Board"), and the Board acted on

2    the claim, or the time for doing so expired.  "The Tort Claims Act requires that any civil

3    complaint for money or damages first be presented to and rejected by the pertinent public entity."

4    *Munoz v. California*, 33 Cal.App.4th 1767, 1776, 39 Cal.Rptr.2d 860 (1995).  The purpose of this

5    requirement is "to provide the public entity sufficient information to enable it to adequately

6    investigate claims and to settle them, if appropriate, without the expense of litigation."  *City of*

7    *San Jose v. Superior Court*, 12 Cal.3d 447, 455, 115 Cal.Rptr. 797, 525 P.2d 701 (1974)

8    (citations omitted).  Compliance with this "claim presentation requirement" constitutes an

9    element of a cause of action for damages against a public entity or official.  *State v. Superior*

10    *Court (Bodde)*, 32 Cal.4th 1234, 1244, 13 Cal.Rptr.3d 534, 90 P.3d 116 (2004).  Thus, in the state

11    courts, "failure to allege facts demonstrating or excusing compliance with the claim presentation

12    requirement subjects a claim against a public entity to a demurrer for failure to state a cause of

13    action."  *Id.* at 1239, 13 Cal.Rptr.3d 534, 90 P.3d 116 (fn.omitted).

14    Federal courts likewise must require compliance with the CTCA for pendant state law

15    claims that seek damages against state public employees or entities.  *Willis v. Reddin*, 418 F.2d

16    702, 704 (9th Cir.1969); *Mangold v. California Public Utilities Commission*, 67 F.3d 1470, 1477

17    (9th Cir.1995).  State tort claims included in a federal action, filed pursuant to 42 U.S.C. § 1983,

18    may proceed only if the claims were first presented to the state in compliance with the claim

19    presentation requirement.  *Karim–Panahi v. Los Angeles Police Department*, 839 F.2d 621, 627

20    (9th Cir.1988); *Butler v. Los Angeles County*, 617 F.Supp.2d 994, 1001 (C.D.Cal.2008).

21    Plaintiff fails to state any allegations which show he complied with the CTCA upon which

22    to be allowed to pursue claims under California law in this action.

23    **b.  Intentional Infliction of Emotional Distress ("IIED")**

24    Plaintiff alleges that Dr. Toor's conduct constituted intentional infliction of emotional

25    distress.  Under California law, the elements of intentional infliction of emotional distress are: (1)

26    extreme and outrageous conduct by the defendant with the intention of causing, or reckless

27    disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or

28    extreme emotional distress; and (3) actual and proximate causation of the emotional distress by

7

1    the defendant's outrageous conduct.  *Corales v. Bennett*, 567 F.3d 554, 571 (9th Cir. 2009)

2    (quotation marks omitted); *Tekkle v. United States*, 567 F.3d 554, 855 (9th Cir. 2007); *Simo v.*

3    *Union of Needletrades, Industrial & Textile Employees*, 322 F.3d 602, 621-22 (9th Cir. 2003).

4    Conduct is outrageous if it is so extreme as to exceed all bounds of that usually tolerated in a

5    civilized community.  *Corales*, 567 F.3d at 571; *Tekkle*, 511 F.3d at 855; *Simo*, 322 F.3d at 622

6         In addition to the requirement that the conduct be intentional and outrageous, the conduct

7    must have been directed at Plaintiff or occur in the presence of Plaintiff, of whom Defendant was

8    aware.  *Simo*, 322 F.3d at 622.  Plaintiff fails to state any allegations to meet the elements of a

9    claim for intentional infliction of emotional distress under California Law.

10        Further, pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has

11   original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims

12   in the action within such original jurisdiction that they form part of the same case or controversy

13   under Article III," except as provided in subsections (b) and (c).  "[O]nce judicial power exists

14   under § 1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is

15   discretionary."  *Acri v. Varian Assoc., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997). "The district court

16   may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the

17   district court has dismissed all claims over which it has original jurisdiction."  28 U.S.C. §

18   1367(c)(3).  If Plaintiff shows compliance with the CTCA and is able to state a claim under

19   California law, any state law claims will be dismissed if/when his "federal claims are dismissed

20   before trial."  *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966).

21   **II.     CONCLUSION**

22        Plaintiff is given the choice to either file a second amended complaint or to proceed

23   against Dr. Toor solely on the claim of deliberate indifference to Plaintiff's serious medical needs

24   in violation of the Eighth Amendment.  Plaintiff must either notify the Court of his decision to

25   proceed on this cognizable claim, or file a second amended complaint within 30 days of the

26   service of this order.

27        If Plaintiff chooses to file a second amended complaint, he must demonstrate how the

28   conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights.  *See*

8

1    *Ellis v. Cassidy*, 625 F.2d 227 (9th Cir. 1980).  The second amended complaint must allege in

2    specific terms how each named defendant is involved.  There can be no liability under section

3    1983 unless there is some affirmative link or connection between a defendant's actions and the

4    claimed deprivation.  *Rizzo v. Goode*, 423 U.S. 362 (1976); *May v. Enomoto*, 633 F.2d 164, 167

5    (9th Cir. 1980); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

6        Plaintiff's second amended complaint should be brief.  Fed. R. Civ. P. 8(a).  Such a short

7    and plain statement must "give the defendant fair notice of what the . . . claim is and the grounds

8    upon which it rests."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) quoting *Conley v.*

9    *Gibson*, 355 U.S. 41, 47 (1957).  Although accepted as true, the "[f]actual allegations must be

10    [sufficient] to raise a right to relief above the speculative level . . . ."  *Twombly*, 550 U.S. 127, 555

11    (2007) (citations omitted).

12        Plaintiff is further advised that an amended complaint supercedes the original, *Lacey v.*

13    *Maricopa County*, Nos. 09-15806, 09-15703, 2012 WL 3711591, at *1 n.1 (9th Cir. Aug. 29,

14    2012) (en banc), and must be "complete in itself without reference to the prior or superceded

15    pleading,"  Local Rule 220.

16        The Court provides Plaintiff with one opportunity to amend to cure the deficiencies

17    identified by the Court in this order.  *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

18    Plaintiff may not change the nature of this suit by adding new, unrelated claims in his second

19    amended complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot"

20    complaints).

21        Based on the foregoing, the Court **ORDERS**:

22        1.      Plaintiff's Complaint is **DISMISSED**, with leave to amend;

23        2.      The Clerk's Office SHALL send Plaintiff a civil rights complaint form;

24        3.      Within 30-days from the date of service of this order, Plaintiff must either:

25             a.      file a second amended complaint curing the deficiencies identified by the

26               Court in this order, or

27             b.      notify the Court in writing that he does not wish to file a second amended

28               complaint and wishes to proceed only on the claim identified by the Court

1              as viable/cognizable in this order;

2        4.       Within that same time, Plaintiff must file a statement indicating Defendant's

3              correct name.

4 **<u>Plaintiff is advised that is failure to comply with this order will result in a recommendation</u>**

5 **<u>that he be allowed to proceed only on the claims found cognizable herein and that all other</u>**

6 **<u>claims and Defendants be dismissed.</u>**

7

8 IT IS SO ORDERED.

9    Dated:     **September 30, 2016**            **/s/ Jennifer L. Thurston**
                                                  UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28