# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN RODRIGUEZ, <br><br> Plaintiff, <br><br> v. <br><br> Dr. K. TOOR, <br><br> Defendant. | **Case No. 1:16-cv-00504-DAD-JLT (PC)** <br><br> **FINDINGS AND RECOMMENDATION TO GRANT DEFENDANT'S MOTION FOR SUMMMARY JUDGMENT** <br><br> **(Doc. 19)** <br><br> **OBJECTIONS DUE WITHIN 21 DAYS** |

Plaintiff proceeds against Defendant on a claim under the Eighth Amendment of deliberate indifference to Plaintiff's serious medical needs by not referring Plaintiff for hip surgery as recommended by outside medical specialists. Defendant contends that he did not disregard, ignore, or fail to respond to Plaintiff's medical needs, but that Plaintiff's claim, at most, amounts to a difference in medical opinion, entitling Defendant to summary judgment. (Doc. 19.) For the reasons discussed below, the Court finds that Defendant's motion should be **GRANTED** as it establishes the absence of genuine issues of material fact.

I.  **Procedural History**

This action proceeds on Plaintiff's First Amended Complaint (Doc. 6) for violation of the Eighth Amendment against Defendant. (Docs. 7, 9, 10.) On September 28, 2017, Defendant

filed a motion for summary judgment under Federal Rule of Civil Procedure[1] 56. (Doc. 19.) Plaintiff was provided timely notice of the requirements for opposing a motion for summary judgment in an order that issued on October 2, 2017. *Woods v. Carey*, Nos. 09-15548, 09-16113, 2012 WL 2626912 (9th Cir. Jul. 6, 2012), *Wyatt v. Terhune*, 315 F.3d 1108 (9th Cir. 2003), *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), and *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988). That notice warned Plaintiff that his failure to file an opposition or a statement of non-opposition to Defendant's motion could result in dismissal for failure to prosecute and that his failure to contradict Defendant's motion with declarations or other evidence would result in Defendant's evidence being taken as truth upon which final judgment may be entered. (Doc. 20.) Despite lapse of more than a month beyond the allowed time, Plaintiff has filed neither an opposition, nor a statement of opposition to Defendant's motion. Thus, the Court deems the submitted. L.R. 230 (*l*).

## II.     Plaintiff's Claims

Plaintiff is proceeding against Dr. Toor on allegations that Dr. Toor has been his primary care provider since Plaintiff arrived at Valley State Prison in 2012. Dr. Toor had access to Plaintiff's medical history via his Unit Health Record, which Dr. Toor referred to when treating Plaintiff. Plaintiff's UHR shows that he had a hip replacement in March 2011 and had four corrective surgeries from 1996 through 2003. Between April 2011 and February 2014, various CDC physicians consulted with outside specialists and obtained both x-rays and CT scans of Plaintiff's hip and the prosthesis in it -- all of which revealed instability and a need for surgical repair. From April 2012 to March 2014, various specialists recommended corrective surgery. Despite this, on at least five different occasions, Dr. Toor allegedly sought further consultations and outside opinions to confirm whether Plaintiff needed surgery.

From January 2013 to April 2014, Dr. Toor increased Plaintiff's pain medication from Tylenol-#3 (Codeine) to Morphine and then to stronger and stronger doses of Morphine, to address Plaintiff's increasing hip pain. Plaintiff alleges that, though it took a while for his surgery to be financially approved, after it was approved, Dr. Toor failed to refer him for it; rather from

---

[1] The Federal Rules of Civil Procedure will hereinafter be referred to as "Rule *."

2

February 2014 to June of that same year, Dr. Toor repeatedly counseled Plaintiff to "think about it" before he would schedule it. Plaintiff submitted an inmate appeal requesting the surgery in September 2014 which was ultimately denied stating "it is [Dr. Toor's] responsibility to determine the necessity for additional follow up consultations . . . recommendations suggested by the specialist." Plaintiff's hip prosthesis is allegedly failing while his pain and instability increase and mobility decreases.

### III. Summary Judgment Standard

Summary judgment is appropriate where there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Washington Mutual Inc. v. U.S.,* 636 F.3d 1207, 1216 (9th Cir. 2011). An issue of fact is genuine only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party, while a fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Wool v. Tandem Computers, Inc.,* 818 F.2d 1422, 1436 (9th Cir. 1987). The Court determines only whether there is a genuine issue for trial and in doing so, it must liberally construe Plaintiff's filings because he is a *pro se* prisoner. *Thomas v. Ponder*, 611 F3d 1144, 1150 (9th Cir. 2010) (quotation marks and citations omitted).

In addition, Rule 56 allows a court to grant summary adjudication, or partial summary judgment, when there is no genuine issue of material fact as to a particular claim or portion of that claim. Fed. R. Civ. P. 56(a); *see also Lies v. Farrell Lines, Inc.*, 641 F.2d 765, 769 n.3 (9th Cir. 1981) ("Rule 56 authorizes a summary adjudication that will often fall short of a final determination, even of a single claim . . .") (internal quotation marks and citation omitted). The standards that apply on a motion for summary judgment and a motion for summary adjudication are the same. *See* Fed. R. Civ. P. 56 (a), (c); *Mora v. Chem-Tronics*, 16 F.Supp.2d 1192, 1200 (S.D. Cal. 1998).

Each party's position must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact. Fed. R. Civ. P.

56(c)(1) (quotation marks omitted). The Court may consider other materials in the record not cited to by the parties, but it is not required to do so. Fed. R. Civ. P. 56(c)(3); *Carmen v. San Francisco Unified School Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001); *accord Simmons v. Navajo County, Ariz.,* 609 F.3d 1011, 1017 (9th Cir. 2010).

The Defendant does not bear the burden of proof at trial and, in moving for summary judgment, they need only prove an absence of evidence to support Plaintiff's case. *In re Oracle Corp. Securities Litigation*, 627 F.3d 376, 387 (9th Cir. 2010) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548 (1986)). If a defendant meets this initial burden, the burden then shifts to Plaintiff "to designate specific facts demonstrating the existence of genuine issues for trial." *In re Oracle Corp.,* 627 F.3d at 387 (citing *Celotex Corp.,* 477 U.S. at 323). This requires Plaintiff to "show more than the mere existence of a scintilla of evidence." *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). An issue of fact is genuine only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party, while a fact is material if it "might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248; *Wool v. Tandem Computers, Inc.*, 818 F.2d 1422, 1436 (9th Cir. 1987).

In judging the evidence at the summary judgment stage, the Court may not make credibility determinations or weigh conflicting evidence, *Soremekun v. Thrifty Payless Inc.,* 509 F.3d 978, 984 (9th Cir. 2007) (quotation marks and citation omitted), and it must draw all inferences in the light most favorable to the nonmoving party and determine whether a genuine issue of material fact precludes entry of judgment, *Comite de Jornaleros de Redondo Beach v. City of Redondo Beach*, 657 F.3d 936, 942 (9th Cir. 2011) (quotation marks and citation omitted), *cert. denied*, 132 S.Ct. 1566 (2012). Inferences, however, are not drawn out of the air; the nonmoving party must produce a factual predicate from which the inference may reasonably be drawn. *See Richards v. Nielsen Freight Lines*, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), *aff'd*, 810 F.2d 898 (9th Cir. 1987).

Where, as here, the opposing party fails to file an opposition, a district court may not grant a motion for summary judgment solely on this basis. *Cristobal v. Siegel*, 26 F.3d 1488, 1494-95 & n. 4 (9th Cir.1994). However, an unopposed motion for summary judgment may be granted if

4

the movant's papers are sufficient to support the motion and do not on their face reveal a genuine issue of material fact. *See United States v. Real Property at Incline Village*, 47 F.3d 1511, 1519-20 (9th Cir.1995) (holding local rule cannot mandate automatic entry of judgment for moving party without consideration of whether motion and supporting papers satisfy Fed.R.Civ.P. 56), *rev'd on other grounds sub nom. Degen v. United States*, 517 U.S. 820 (1996).

IV. **Discussion and Analysis**

    A. **Legal Standard Under the Eighth Amendment**

Prison officials violate the Eighth Amendment if they are "deliberate[ly] indifferen[t] to [a prisoner's] serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). "A medical need is serious if failure to treat it will result in '"significant injury or the unnecessary and wanton infliction of pain."'" *Peralta v. Dillard*, 744 F.3d 1076, 1081-82 (2014) (quoting *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir.2006) (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir.1992), overruled on other grounds by *WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir.1997) (en banc)).

To maintain an Eighth Amendment claim based on medical care in prison, a plaintiff must first "show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Second, the plaintiff must show the defendants' response to the need was deliberately indifferent." *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) (quoting *Jett*, 439 F.3d at 1096 (quotation marks omitted)).

As to the first prong, indications of a serious medical need "include the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (citation and internal quotation marks omitted); *accord Wilhelm*, 680 F.3d at 1122; *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000). Plaintiff's hip condition is accepted as a serious medical need.

As to the second prong, deliberate indifference is "a state of mind more blameworthy than

negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.' " *Farmer v. Brennan*, 511 U.S. 825, 835 (1994) (quoting *Whitley*, 475 U.S. at 319). Deliberate indifference is shown where a prison official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.*, at 847. In medical cases, this requires showing: (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. *Wilhelm*, 680 F.3d at 1122 (quoting *Jett*, 439 F.3d at 1096). "A prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs." *Jett,* 439 F.3d at 1096, citing *McGuckin*, 974 F.2d at 1060.

Deliberate indifference is a high legal standard. *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir.2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.' " *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" *Id.* (quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1188 (9th Cir. 2002)).

To prevail on a deliberate-indifference claim, a plaintiff must also show that harm resulted from a defendant's wrongful conduct. *Wilhelm*, 680 F.3d at 1122; *see also Jett*, 439 F.3d at 1096; *Hallett v. Morgan*, 296 F.3d 732, 746 (9th Cir. 2002) (prisoner alleging deliberate indifference based on delay in treatment must show delay led to further injury).

**B.    Defendants' Undisputed Facts**

Defendants' evidence shows that, at all relevant times, Plaintiff was an inmate incarcerated at VSP. (Separate Statement of Undisputed Material Facts "SSUMF" No. 1.) At all relevant times, Defendant was a physician and surgeon employed at VSP. (SSUMF No. 3.) Defendant is board certified in internal medicine. (SSUMF No. 4.) Plaintiff suffered an injury to his right hip in 1985; as a result, Plaintiff underwent five surgeries over a period of several years. (SSUMF No. 7.) During the time period complained of by Plaintiff in the FAC, Dr. Toor saw

him numerous times and made several referrals for Plaintiff to see an orthopedic specialist for his hip condition. (SSUMF No. 9.) Plaintiff's main complaint against Dr. Toor is that Plaintiff needed a hip replacement, which was not provided to him. (SSUMF No. 6.) Plaintiff underwent a CT Scan of his right hip on March 30, 2012. The scan showed various post-operative changes from past multiple hip surgeries. (SSUMF No. 9.)

In 2014, Dr. Toor referred Plaintiff to the University of California, Davis Orthopedics Department, where Plaintiff was advised of a possible need for hip replacement surgery. (SSUMF No. 10.) Dr. Toor then submitted a request for hip replacement surgery, but it was denied by his supervisor and the regional physician advisor on March 6, 2014. (SSUMF No. 10.) Dr. Toor then referred Plaintiff to another orthopedic specialist for a second opinion which occurred on March 20, 2014. (SSUMF No. 11.) At that time, Plaintiff was still considering a hip replacement. *Id.* However, since Plaintiff was being managed with opiate medications, a cane and orthopedic shoes, he appeared to be functioning reasonably well in the facility. There were times when Plaintiff's pain was aggravated but, for the most part, he walked on his own with a cane and adequately performed his activities of daily living. (SSUMF No. 12.)

Given Plaintiff's relatively young age (52), his multiple prior hip surgeries, and complex hip, it was Dr. Toor's professional judgment that conservative management of Plaintiff's medical condition was reasonable and the best option at that time. (SSUMF No. 14.)

All of the medical care and treatment rendered to Plaintiff by Dr. Toor was appropriate and consistent with Plaintiff's symptoms, medical condition and history, and at all times within the community standard of care and consistent with the degree of knowledge and skill ordinarily possessed and exercised by members of the medical profession under similar circumstances. Dr. Toor has never refused or denied Plaintiff appropriate medical treatment or evaluation. (SSUMF No. 14.) Dr. Toor provided Plaintiff with medical care and treatment every time he saw Plaintiff and was never deliberately indifferent to any of Plaintiff's serious medical needs. (SSUMF No. 15.) At all relevant times, Dr. Toor treated Plaintiff with dignity and respect in an honest effort to attend to Plaintiff's condition. At no time did Dr. Toor refuse to provide Plaintiff medical care or treatment or referral to a specialist as medically indicated. At no time did Dr. Toor intentionally

or knowingly cause Plaintiff any injury or harm. (SSUMF No. 16.)

### C. Defendant's Motion

Defendant argues that the above facts show that he requested surgery for Plaintiff, but that it was denied by the authorizing authority. After that denial, Dr. Toor obtained a second outside opinion, but was unsuccessful obtaining authorization for Plaintiff to have hip surgery. Thereafter, Dr. Toor testified in his declaration that, he provided Plaintiff with appropriate medications and believed that conservative management of Plaintiff's hip condition was appropriate, particularly given Plaintiff's young age. Defendant contends that, aside from the surgical denial, Plaintiff essentially has a difference of opinion with Dr. Toor's treatment, which is not actionable. The Court agrees that, to the extent Dr. Toor has shown that Plaintiff's allegations against him amount to a difference of opinion, it is insufficient to establish a factual dispute of a material issue. *See Estelle v. Gamble*, 429 U.S. 97, 107 (1976).

Further, when resolving a claim under the Eighth Amendment against individual defendants, causation must be resolved via "a very individualized approach which accounts for the duties, discretion, and means of each defendant." *Leer v. Murphy*, 844 F.2d 628, 633-34 (9th Cir. 1988) *citing with approval Williams v. Bennett*, 689 F.2d 1370, 1384 (11th Cir. 1982) ("There can be no duty, the breach of which is actionable, to do that which is beyond the power, authority, or means of the charged party. One may be callously indifferent to the fate of prisoners and yet not be liable for their injuries. Those whose callous indifference results in liability are those under a duty -- possessed of authority and means -- to prevent the injury.") The pivotal facts presented show that Dr. Toor did not have authority to authorize Plaintiff's hip surgery, but submitted a request for it to be authorized. When Dr. Toor's authorization request was denied, he directed treatment to ameliorate Plaintiff's symptoms, which was the extent of Dr. Toor's authorization.

The Court finds that Dr. Toor has met his burden to demonstrate the absence of a genuine issue of material fact. The burden therefore shifts to Plaintiff to establish that a genuine issue as to any material fact exists. *See Matsushita,* 475 U.S. at 586. At the pleading stage, Plaintiff's factual allegations in the FAC were accepted as true, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009),

and liberally construed to state a cognizable claim, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). However, on summary judgment, the factual allegations in the FAC are akin to self-serving testimony which may be discounted since they do not equate to admissible evidence. *See Nigro v. Sears, Roebuck and Co.*, 784 F.3d 495, 497-98 (9th Cir. 2015). This is because there is no evidence before the Court to show that Plaintiff has any medical training to be able to opine on the quality and appropriateness of care Dr. Toor provided. As Dr. Toor correctly points out, in complex medical cases, expert medical opinion testimony is necessary to establish deliberate indifference and causation of injuries. *See Hutchinson v. United States*, 838 F.2d 390 (9th Cir. 1988).

Dr. Toor is entitled to summary judgment since Plaintiff has not demonstrated "the existence of genuine issues for trial." *In re Oracle Corp.,* 627 F.3d at 387 (citing *Celotex Corp.,* 477 U.S. at 323). Thus, the Court finds that Defendant's motion for summary judgment should be **GRANTED** on the merits of Plaintiff's deliberate indifference claim. Defendant's request for qualified immunity need not be reached since he is entitled to summary judgment on the merits of Plaintiff's claim.

## V. <u>Conclusions and Recommendations</u>

As set forth herein, this Court finds that Defendant has met his burden and his motion for summary judgment should be granted. Accordingly, the Court **RECOMMENDS**:

(1) that Defendant Dr. Toor is entitled to judgment as a matter of law and his Motion for Summary Judgment, filed on September 28, 2017 (Doc. 19), should be **GRANTED**; and

(2) that the Clerk of the Court should be directed to enter judgment against Plaintiff and for Defendant Dr. K. Toor and this action should be closed.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within 21 days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the

specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **December 14, 2017**  /s/ Jennifer L. Thurston
UNITED STATES MAGISTRATE JUDGE